Case 1:16-cv-00003   Document 5   Filed in TXSD on 01/22/16   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE MATA-ZUNIGA, | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:16-cv-003 |
| | § | (Criminal No. B-14-962-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Jose Mata-Zuniga's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Mata-Zuniga's "Motion" or "§ 2255 Motion"). Dkt. No. 1. Mata-Zuniga's § 2255 Motion should be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2255.

### II. Background

On January 21, 2015, Mata-Zuniga pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been

convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and § 1326(b). *See United States of America v. Jose Mata-Zuniga*, No. 1:14-cr-00962-1, Dkt. No. 23 at 1.[1] On June 4, 2015, the District Court sentenced Mata-Zuniga to 46 months of imprisonment and ordered him to pay a $100.00 special assessment. *Id*. at 1-3. Judgment was entered on June 12, 2015. *Id*. at 1. Mata-Zuniga did not file a direct appeal.

Mata-Zuniga filed his instant timely § 2255 Motion on January 7, 2016. Dkt. No. 1 at 1. In his Motion, Mata-Zuniga asserts that the trial court erred in assessing his criminal history. *Id*. at 5. He also contends that his counsel, Rudy Xavier Rodriguez, provided him with ineffective assistance. *Id*. at 4-6. Specifically, he states:

> The lawyer who represented me in the District court did not assist me in any meaningful way. He advised me not to appeal. I was not aware of my rights, so I did not appeal.
>
> My criminal background was excesively enhanced with a felony from 2010. I should have been in category II, and I was placed in category IV.
>
> Because of the language barrier, I did not fully understand the extent of my rights, and received no proper legal advice. I went through the motions by signing a plea, without the full extent of knowledge as to my rights. I did not file a direct appeal after sentencing either because of that.

*Id*. at 5 (errors in original, formatting altered). Mata-Zuniga does not provide any additional facts in support of these allegations, or otherwise elaborate upon his claims.

---

[1] Hereinafter, Mata-Zuniga's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their criminal docket number.

### III. Legal Standards

**A. 28 U.S.C. § 2255.** Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**B. Ineffective Assistance of Counsel.** The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, ____ U.S. ____, 132 S.Ct. 1399, 1405 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). *Laffler v. Cooper*, ____ U.S. ____, 132 S.Ct. 1376, 1385-86 (2012). The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made

> errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id.* In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams*, 529 U.S. at 391; *Strickland*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV. Discussion

As noted above, Mata-Zuniga's § 2255 Motion is limited to the following claims:

> The lawyer who represented me in the District court did not assist me in any meaningful way. He advised me not to appeal. I was not aware of my rights, so I did not appeal.
>
> My criminal background was excesively enhanced with a felony from 2010. I should have been in category II, and I was placed in category IV.
>
> Because of the language barrier, I did not fully understand the extent of my rights, and received no proper legal advice. I went through the motions by signing a plea, without the full extent of knowledge as to my rights. I did not file a direct appeal after sentencing either because of that.

Dkt. No. 1 at 5 (errors in original, formatting altered).

**A. Mata-Zuniga's Claim That the Trial Court Erred**. Mata-Zuniga states that his criminal history was wrongfully enhanced with a 2010 felony, and suggests that the Court erred because he "should have been in category II," and instead was "placed in category IV." Dkt. No. 1 at 5.

Mata-Zuniga's records reveal that, on May 25, 2011, United States District Judge Hilda Tagle convicted him of violating 21 U.S.C. § 841(a)(1), § 841(b)(1)(B), and 18 U.S.C. § 2. CR Dkt. No. 22 at 1. That is, she convicted him of possessing, with the intent to distribute, more than 100 kilograms of marijuana. *Id.* For this conviction, Judge Tagle imposed a 30 month sentence of imprisonment and a four-year term of supervised release. *Id.* at 2-3.

In 2015, after Mata-Zuniga pleaded guilty to violating 8 U.S.C. § 1326(a) and § 1326(b), the District Court assessed Mata-Zuniga's criminal history. At that time, the 2014 edition of the United States Sentencing Guidelines ("U.S.S.G.") Manual was applicable, in an advisory capacity, because Mata-Zuniga's offense conduct occurred on or about November 17, 2014. *See* CR Dkt. No. 6 at 1; CR Dkt. No. 16, at 4, ¶ 13; and U.S.S.G. Manual (2014) (containing a cover page noting an effective date of November 1, 2014). On November 17, 2014, Mata-Zuniga was still serving his supervised release term for his 2011 conviction, and his 2015 conviction violated the terms of his supervised release. *See* CR Dkt. No. 22 at 3 (confirming that Mata-Zuniga was not to commit and federal, state or local crimes while serving the supervised release term for his 2011 conviction).

Pursuant to the 2014 edition of the U.S.S.G. Manual, when calculating a defendant's criminal history category, three points are added to the defendant's score "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. Manual, § 4A1.1(a). Further, two points are added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id*.

Mata-Zuniga's Presentence Investigation Report ("PSR") correctly added three points for his prior 2011 conviction because his sentence for that conviction exceeded one year and one month. *See* CR Dkt. No. 16 at 7, ¶ 25, ¶ 26; U.S.S.G. Manual, § 4A1.1(a). His PSR also correctly added two points "because he committed

the [2015] offense while on supervised release[.]"  CR Dkt. No. 16 at 7, ¶ 27; U.S.S.G. Manual, § 4A1.1(d).  Correctly adding his points together, the PSR noted that Mata-Zuniga's "total criminal history score" was "five."  CR Dkt. No. 16 at 7, ¶ 27.  According to the 2014 edition of the U.S.S.G. Manual, a criminal history score of five places a defendant in criminal history category III.  U.S.S.G. Manual, Chapter Five, Part A, Sentencing Table (2014).

Mata-Zuniga's PSR placed him in a "criminal history category of III[.]"  CR Dkt. No. 16 at 7, 10.  The Court adopted Mata-Zuniga's PSR "without change."  CR Dkt. No. 24 at 1.  Thus, the District Court did not wrongfully enhance, or err in calculating, Mata-Zuniga's criminal history.  Therefore, even if Mata-Zuniga's claim here was not procedurally barred due to his failure to raise it on direct appeal, his claim would fail on the merits.  Mata-Zuniga's claim asserting trial court error should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**B.  Mata-Zuniga's Ineffective Assistance of Counsel Claims.**  Mata-Zuniga claims that Rodriguez was ineffective for failing to fully advise him of his rights.  He indicates that, as a result, he "sign[ed] a plea" and took Rodriguez's advice when Rodriguez advised him not to appeal.  Dkt. No. 1 at 1 at 5.  Mata-Zuniga also implies that Rodriguez's deficiencies were exacerbated by a "language barrier[.]" *Id.*

At the threshold, the Court notes that Mata-Zuniga pleaded guilty without a plea agreement.  Therefore, contrary to his claims, he did not "sign[] a plea."  *See*

Dkt. No. 1 at 5. Further, Mata-Zuniga's claims regarding Rodriguez's assistance are threadbare and conclusory. Mata-Zuniga contends that a language barrier prevented him from understanding Rodriguez, and he impugns the quality of Rodriguez's advice. However, he does not provide any facts to support these allegations. He does not specify how Rodriguez's advice was deficient, nor identify the nature or extent of their alleged language barrier. Critically, he has also failed to indicate how he was prejudiced by Rodriguez's alleged ineffectiveness.

Mata-Zuniga's claims regarding Rodriguez's assistance are conclusory, unsupported by the record, and subject to dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the

movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Mata-Zuniga has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

Mata-Zuniga's § 2255 Motion should be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 22nd day of January, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge